ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| RECO Rishad Engineering Construction ORG | ) ASBCA No. 60444 |
| | ) |
| Under Contract No. W91B4M-07-C-7228 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Burhan Jan
     CEO and President

APPEARANCES FOR THE GOVERNMENT:     Raymond M. Saunders, Esq.
     Army Chief Trial Attorney
     MAJ Julie A. Glascott, JA
     Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE PEACOCK ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

RECO Rishad Engineering Construction ORG (RECO or appellant) appeals under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109, from a contracting officer's final decision (COFD) denying its 16 January 2016 claim in the amount of $228,838. The Board, *sua sponte*, directed the parties to address whether the 16 January 2016 claim was properly certified. In lieu of a brief, the government filed a motion to dismiss the appeal for lack of jurisdiction. We grant the motion to dismiss the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 29 September 2007, Purchasing and Contracting, AF-MMTT Camp Phoenix (the government) awarded Contract No. W91B4M-07-C-7228 (the contract) to RECO for construction of new brick and mortar buildings at FOB Zerok, Khowst Province, Afghanistan (R4, tab 3 at 1-5).[1]

2. On 17 January 2013, RECO sent an email to a contract specialist at Army Contracting Command – Rock Island, Reachback Closeout Division – CCRC-RC. Attached to the email was a letter dated 18 January 2013 entitled "Issue Regarding to Incomplete Project of FOB Zerok." The letter indicated that RECO had allegedly completed 90% of the work under the contract but had only been paid for 50% of the work and sought the remaining "40% payment that we spent on FOB Zerok contract." No dollar amount and no certification was included in the letter. (R4, tab 20 at 1-2, 5)

---

[1] For the purposes of identifying references to the record, we adopt the sequential pagination affixed by the parties to the Rule 4 file documents.

3. The contract specialist responded and requested that RECO provide an invoice and either a DD250 or other proof of performance (R4, tab 21).

4. By email dated 20 January 2013, RECO provided the contract specialist with some pictures of the project and some copies of invoices. The contract specialist replied by email on 4 February 2013 and stated that RECO had not provided sufficient proof of performance. (R4, tab 26)

5. RECO filed a notice of appeal under the contract, which the Board docketed as ASBCA No. 60156 on 4 September 2015. On 2 February 2016, the Board dismissed the appeal without prejudice to the contractor's submittal of a claim to the contracting officer (CO). *RECO Rishad Engineering Construction ORG*, ASBCA No. 60156, slip op. at 1 (2 Feb. 2016).

6. By email dated 16 January 2016, RECO submitted a document entitled "Certified Claim Letter" to the CO. The letter stated, in part:

> It has been few years we are seeking our money which is still with US Government, and we claim for that amount, and we respectful request the US Government please pay our 40% which is $228,838.
>
> ....
>
> *I Certify that the claim is made in good faith; that the supporting data are accurate and complete to the best of my knowledge and belief; that the amount requested accurately reflects the adjustment for which the we believes the Government is liable; and that I am authorized to certify the claim on the behalf of the our company.*
>
> ....
>
> Sincerely
>
> Mr. Burhan Jan
> CEO and President of company
> Reco Rishad Engineering Construction ORG
> Sher Poor, ST# 4 Wazeer Akbar Khan, Kabul, Afghanistan

(R4, tab 29 at 3) (Syntax and spelling in original) No handwriting or electronic signature appears on the letter.

2

7. The CO issued a COFD by letter dated 9 February 2016 denying RECO's request for payment (R4, tab 30).

8. RECO appealed the COFD to the Board by email dated 10 February 2016. We docketed the appeal as ASBCA No. 60444 on 12 February 2016.

9. By Board order dated 24 August 2016, the Board directed the parties to brief the issue of whether appellant had submitted a properly certified claim to the CO.

10. In response to the Board's order, the government filed a motion, dated 8 September 2016, to dismiss the appeal for lack of subject matter jurisdiction because appellant did not properly certify its claim (gov't mot. at 1).

11. In response to the government's motion to dismiss, RECO sent an email, addressed to government counsel and on which the Board was copied, on 8 September 2016. It stated:

> As you know my company has no experinces of the claim
> before, that is why we forget to enclude the signe on our file,
> please find attached certified and signed claim per ASBCA
> standard or official, which has our demand, and certification,
> please accept our file and please make decision on it[.]

(Bd. corr. file, email dtd. 8 September 2016) (Syntax and spelling in original) Attached to the email was a copy of the certified claim letter. In the signature block there appears to be a handwritten signature.[2]

## DISCUSSION

Our jurisdiction over an appeal involving a contractor claim depends, *inter alia*, on the prior submission of a proper claim to a CO for decision. 41 U.S.C. § 7103; *see also Lael Al Sahab & Co.*, ASBCA No. 58346, 13 BCA ¶ 35,394 at 173,662. For claims of more than $100,000, the CDA requires that a contractor certify that:

---

[2] The Board expresses no opinion as to whether RECO's 8 September 2016 email to government counsel satisfies the CDA's requirement that a claim be submitted to the contracting officer. *See Neal & Co. v. United States*, 945 F.2d 385, 388 (Fed. Cir. 1991), *Dawco Construction, Inc. v. United States*, 930 F.2d 872, 880 (Fed. Cir. 1991), *National Gypsum Co.*, ASBCA No. 53259, 01-2 BCA ¶ 31,532 at 155,673; *see also J. Leonard Spodek, Nationwide Postal Management*, PSBCA No. 4265, 99-1 BCA ¶ 30,174 at 149,301. The record is silent on whether the contracting officer has received appellant's 8 September 2016 email.

3

(A) [T]he claim is made in good faith;

(B) the supporting data are accurate and complete to the best of the contractor's knowledge and belief;

(C) the amount requested accurately reflects the contract adjustment for which the contractor believes the Federal Government is liable; and

(D) the certifier is authorized to certify the claim on behalf of the contractor.

41 U.S.C. § 7103(b). When required, certification of the claim is a prerequisite to this Board's jurisdiction. *E.g.*, *Al Rafideen Company*, ASBCA No. 59156, 15-1 BCA ¶ 35,983 at 175,809. "The certification may be executed by any person duly authorized to bind the contractor with respect to the claim." FAR 33.207(e). Proper execution requires the certifier to sign the certification. *Tokyo Company*, ASBCA No. 59059, 14-1 BCA ¶ 35,590 at 174,391; *Teknocraft Inc.*, ASBCA No. 55438, 08-1 BCA ¶ 33,846 at 167,504; *Hawaii CyberSpace*, ASBCA No. 54065, 04-1 BCA ¶ 32,455 at 160,535.

We apply the definition of "signature or signed" in FAR 2.101 to ascertain whether a CDA certification was properly executed. *Teknocraft*, 08-1 BCA ¶ 33,846 at 167,504. FAR 2.101 states, "*Signature* or *signed* means the discrete, verifiable symbol of an individual which, when affixed to a writing with the knowledge and consent of the individual, indicates a present intention to authenticate the writing. This includes electronic symbols." We have held that a typed but unsigned name, where an electronic signature is not involved, is not sufficiently discrete, definitive or verifiable to serve as a signature compliant with that definition. *Tokyo Company*, 14-1 BCA ¶ 35,590 at 174,392.

As appellant's claim for $228,838 is greater than $100,000, it required certification. *See* 41 U.S.C. § 7103(b). Only appellant's certified claim letter, submitted to the CO on 16 January 2016, included certification language (SOF ¶¶ 2, 6). However, the certification included in the letter is unsigned. The signature block bears only the typed name of Mr. Burhan Jan without a handwritten or electronic signature appearing on the letter. (SOF ¶ 6) The typed name may not serve as a signature because it is not sufficiently discrete or verifiable. *See Tokyo Company*, 14-1 BCA ¶ 35,590 at 174,392.

We conclude that appellant failed to submit a certified claim to the CO prior to filing this appeal. RECO's 8 September 2016 email and resubmission of the letter with a handwritten signature after the filing of the appeal cannot correct appellant's pre-appeal failure to certify its claim. (*See* SOF ¶ 11) While certain defects in the certification may be corrected and do not deprive the Board of jurisdiction over a claim, it is well established that the complete lack of a signature on a certification is not a defect that can be cured. *E.g.*, *Tokyo Company*, 14-1 BCA ¶ 35,590 at 174,392; *Teknocraft*, 08-1 BCA ¶ 33,846 at 167,505; *Hawaii CyberSpace*, 04-1 BCA ¶ 32,455 at 160,535.

4

Appellant cannot correct its failure to sign the certification of its 16 January 2016 certified claim letter after the filing of this appeal. Appellant's failure to submit a properly certified claim to the CO prior to filing this appeal deprives the Board of jurisdiction over the appeal.

## CONCLUSION

The government's motion to dismiss for lack of jurisdiction is granted. This appeal is dismissed without prejudice to RECO's submission of a properly certified claim to the CO.

Dated:  10 November 2016

ROBERT T. PEACOCK
Administrative Judge
Armed Services Board
of Contract Appeals


I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60444, Appeal of RECO Rishad Engineering Construction ORG, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals